# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **CLEAR WITH COMPUTERS, LLC** | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. 6:12-cv-00950 |
| | § | |
| **SPANX, INC.** | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## SPANX, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Spanx, Inc. ("Spanx") hereby submits its Answer and defenses to Plaintiff Clear With Computers, LLC's ("CWC") Complaint for Patent Infringement ("Complaint"), as well as its counterclaims against CWC, and states as follows:

## ANSWER TO COMPLAINT

### PARTIES

1.  Spanx admits that CWC purports to be a Texas limited liability company with a place of business located at 719 West Front Street, Suite 242, Tyler, Texas 75702.

2.  Spanx admits that it is a corporation organized and existing under the laws of the State of Georgia, with a place of business located at 3344 Peachtree Road, Suite 1700, Atlanta, Georgia 30326.

### JURISDICTION AND VENUE

3.  Spanx admits only that Plaintiff purports to bring an action arising under the patent laws of the United States.

4.  Spanx admits that this court has jurisdiction over the subject matter of this action.

5. Spanx admits only that it has transacted business in this district, and denies the remaining allegations of Paragraph 5.

6. Spanx admits that venue is proper in this district.

## THE PATENT-IN-SUIT

7. Spanx admits that the face page of United States Patent No. 8,266,015 ("the '015 patent" or "patent-in-suit") indicates that it is titled "Inventory Sales System and Method" and was issued by the United States Patent and Trademark Office on September 11, 2012. Spanx is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 7 of the Complaint. They are, therefore, denied.

8. Spanx is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 8 of the Complaint. They are, therefore, denied.

## INFRINGEMENT OF U.S. PAT. NO. 8,266,015

9. Paragraph 9 of the Complaint does not require a response.

10. Spanx denies the allegations contained in Paragraph 10 of the Complaint.

11. In providing an answer to Paragraph 11 of the Complaint, Spanx assumes that this paragraph contains a clerical error, and was intended to allege that CWC is entitled to recover from Spanx damages sustained by *CWC* as a result of the alleged patent infringement. Pursuant to this understanding, Spanx denies the allegations contained in Paragraph 11 of the Complaint.

## DEMAND FOR JURY TRIAL

12. Spanx admits that the Complaint purports to demand a trial by jury.

## PRAYER FOR RELIEF

13. Spanx denies that Plaintiff is entitled to any relief requested in its Prayer for Relief.

Except as expressly admitted herein, Spanx denies each and every allegation in CWC's Complaint.

## DEFENSES

14. Spanx's defenses are listed below. Spanx reserves the right to amend its Answer to add additional defenses consistent with the facts discovered in the case.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

15. CWC's Complaint fails to state a claim upon which relief can be granted against Spanx.

## SECOND DEFENSE
## (NON-INFRINGEMENT)

16. Spanx is not infringing, and has not infringed, either directly, contributorily, or by inducement, any claim of the patent-in-suit.

## THIRD DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

17. On information and belief, the patent-in-suit, by reasons of statements and representations made by the inventor, CWC, or its assignor(s) to the United States Patent and Trademark Office during the prosecution of the application for issuance of the patent-in-suit, or by reason of prior acts, CWC is estopped from asserting any interpretation of any of the claims of the patent-in-suit that would be broad enough to cover any of Spanx's accused instrumentalities.

## FOURTH DEFENSE
## (INVALIDITY)

18. On information and belief, the patent-in-suit is invalid for failure to satisfy the conditions of patentability as specified under one or more section of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 256.

## FIFTH DEFENSE
## (WAIVER, LACHES, ESTOPPEL, ACQUIESCENCE)

19. On information and belief, CWC is barred in whole or in part from asserting the patent-in-suit against Spanx by the doctrine of laches, waiver, estoppel, and/or acquiescence.

## SIXTH DEFENSE
## (PROSECUTION LACHES)

20. On information and belief, CWC is barred from asserting the patent-in-suit against Spanx by the doctrine of prosecution laches.

## SEVENTH DEFENSE
## (FAILURE TO PROVIDE NOTICE)

21. CWC's claim for relief is limited in whole or in part by its failure to comply with the requirements of 35 U.S.C. 271(b) and (c), 284 and/or 287.

## EIGHTH DEFENSE
## (LICENSE/PATENT EXHAUSTION)

22. CWC's infringement claims against Spanx are precluded under the doctrines of express license, patent exhaustion, implied license, release, and/or payment pursuant to agreements.

## SPANX'S COUNTERCLAIMS FOR DECLARATORY RELIEF

For its counterclaims against Clear with Computers, LLC ("CWC"), Spanx, Inc.

("Spanx") alleges the following:

1. Spanx is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

2. On information and belief, CWC is a Texas limited liability company with its principal place of business in Tyler, Texas.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this counterclaim pursuant to 35 U.S.C. §§ 101 *et seq.*, 35 U.S.C. § 1125, and 28 U.S.C. §§ 1331, 1338, and 2201, as they arise under the patent laws of the United States.

4. By filing its Complaint, CWC has consented to the personal jurisdiction of this Court.

5. Venue is co-extensive with the Complaint.

## COUNT I

### (For Declaratory Judgment of Non-Infringement)

6. Spanx repeats and realleges each and every allegation contained in Paragraphs 1-5 of this counterclaim as if fully set forth herein.

7. CWC represents that it owns the U.S. Patent No. 8,266,015 ("the '015 patent" or "patent-in-suit"), and has asserted that certain acts by Spanx infringe the patent-in-suit.

8. Spanx is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any claim of the patent-in-suit.

9. To resolve the legal and factual questions raised by CWC, and to afford relief from the uncertainty and controversy that CWC's accusations have precipitated, Spanx is entitled

to a declaratory judgment that it does not infringe any claim of the patent-in-suit.

## COUNT II

### (For Declaratory Judgment of Invalidity)

10. Spanx repeats and realleges each and every allegation contained in Paragraphs 1-9 of this counterclaim as if fully set forth herein.

11. The claims of the patent-in-suit are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 256.

12. To resolve the legal and factual question raised by CWC, and to afford relief from the uncertainty and controversy that CWC's accusations have precipitated, Spanx is entitled to a declaratory judgment that the claims of the patent-in-suit are invalid.

## COUNT III

### (For Declaratory Judgment of Unenforceability)

13. Spanx repeats and realleges each and every allegation contained in Paragraphs 1-12 of this counterclaim as if fully set forth herein.

14. The patent-in-suit is unenforceable under the doctrine of prosecution laches.

15. To resolve the legal and factual question raised by CWC, and to afford relief from the uncertainty and controversy that CWC's accusations have precipitated, Spanx is entitled to a declaratory judgment that the patent-in-suit is unenforceable under the doctrine of prosecution laches.

## PRAYER FOR RELIEF

WHEREFORE, Spanx respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a) A declaration that Spanx does not infringe any claim of U.S. Patent No.

8,266,015;

      (b)     A declaration that U.S. Patent No. 8,266,015 is invalid;

      (c)     A declaration that U.S. Patent No. 8,266,015 is unenforceable;

      (d)     Dismissal of CWC's claims in their entirety with prejudice;

      (e)     A declaration that CWC take nothing by way of its Complaint;

      (f)     An order finding that this is an exceptional case and awarding Spanx its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

      (g)     An order awarding such additional relief as the Court may deem just and proper under the circumstances.

## JURY REQUEST

Spanx requests a trial by jury on all issues so triable.

/

/

/

/

/

/

/

/

Dated: February 25, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Eric H. Findlay*
　　　　　　　　　　　　　　　　　　　　　Eric H. Findlay
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 00789886
　　　　　　　　　　　　　　　　　　　　　FINDLAY CRAFT, LLP
　　　　　　　　　　　　　　　　　　　　　6760 Old Jacksonville Highway, Suite 101
　　　　　　　　　　　　　　　　　　　　　Tyler, TX  75703
　　　　　　　　　　　　　　　　　　　　　Tel:  (903) 534-1100
　　　　　　　　　　　　　　　　　　　　　Fax:  (903) 534-1137
　　　　　　　　　　　　　　　　　　　　　efindlay@findlaycraft.com

　　　　　　　　　　　　　　　　　　　　　Mark P. Wine (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　Calif. State Bar No. 189897
　　　　　　　　　　　　　　　　　　　　　Thomas J. Gray (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　Calif. State Bar No. 191411
　　　　　　　　　　　　　　　　　　　　　Benjamin S. Lin (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　Calif. State Bar No. 232735
　　　　　　　　　　　　　　　　　　　　　Michael C. Chow (*pro hac vice pending*)
　　　　　　　　　　　　　　　　　　　　　Calif. State Bar No. 273912
　　　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　　　　　　　　　　　　　　　　　　　　2050 Main St., Suite 1100
　　　　　　　　　　　　　　　　　　　　　Irvine, CA  92614
　　　　　　　　　　　　　　　　　　　　　Tel:  (949) 567-6700
　　　　　　　　　　　　　　　　　　　　　Fax:  (949) 567-6710
　　　　　　　　　　　　　　　　　　　　　mwine@orrick.com
　　　　　　　　　　　　　　　　　　　　　tgray@orrick.com
　　　　　　　　　　　　　　　　　　　　　blin@orrick.com
　　　　　　　　　　　　　　　　　　　　　mchow@orrick.com

　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT SPANX, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 25, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>  */s/ Eric H. Findlay*
>  Eric H. Findlay